# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE JORDAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-cv-207-SMY-RJD |
| MICHAEL LAMB, et al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 43)[1]. On February 27, 2017, Plaintiff commenced an action pursuant to 42 U.S.C. § 1983, alleging several constitutional violations which occurred while he was an inmate at Lawrence Correctional Center (Doc. 1). On June 14, 2017, the Court severed Plaintiff's claims into separate actions (Doc. 26).

Plaintiff is proceeding in this case on one Count against Sgt. Harper:

**Count 1:** Harper was deliberately indifferent to Plaintiff's medical needs when he refused Plaintiff's request that he help him get medical care on May 26, 2016 for the injuries Plaintiff sustained when inmate Tribble attacked him.

Plaintiff asks that the preliminary injunction accomplish separate goals than the temporary restraining order ("TRO"). Specifically, Plaintiff moves for a preliminary injunction requiring Warden Lamb and Assistant Warden Brookhart of Lawrence Correctional Center to do the following:

---

[1] The Court notes that Plaintiff has numerous cases pending in this district and has filed an identical motion for injunctive relief in each of his cases. The caption of the instant motion indicates that it is filed in *Jordan v. Wagner*, Case No. 17-cv-0209; *Jordan v. Cacioppo*, Case No. 17-cv-0466; *Jordan v. Lamb*, Case No. 17-cv-0207; *Jordan v. Brookhart*, Case No. 17-cv-0625; *Jordan v. Weber*, Case No. 17-cv-0624; and *Jordan v. Gaye*, Case No. 17-cv-0626.

(1) That the Warden of Programs, Dr. Brookhart, and Warden Lamb be enjoined from violating Plaintiff's right to meaningful access to the Court under the First Amendment, and enjoined from permitting subordinates to "allegedly retaliate and engage in a campaign of harassment/retaliation."

(2) "Cover" his First Amendment Constitutional Rights against "adverse action retaliation campaign of sexual harassment."

(3) "Cover [his] exercise of my 14th Amendment Constitutional rights to Due Process procedure, and [his] 8th Amendment Constitutional rights against cruel and unusual punishment (retaliatory physical assault)/corporal punishment, and adequate mental health service pursuant to his SMI ["Severely Mentally Ill"] status."

Plaintiff requests that the Court enter a TRO with the following goals:

(1) That "Dr. Brookhart, Warden Lamb, Eric Weber, C/O Reid, C/O Lampley, M.H.P. Kelly Gaye, and Lt. Henton (Lawrence C.C. Warden, Assistant Warden, and Prison employees) (J. Bell, C/O Wilson, Pontiac Max C.C. employees), and each of their officers, agents, employers, and all persons acting in concert or participation with them" refrain from inflicting on Plaintiff "'cruel and unusual punishment,' [and] unnecessary 'wanton excessive force,' which has caused [him] ongoing physical and psychological injury."

(2) Protect Plaintiff from Defendant, Dr. Brookhart, "violating [his] constitutional rights to 'meaningful access to the courts,' and against 'adverse action retaliation.'"

(3) Restrain ARB Chairperson Sherry Benton "from violating [Plaintiff's] 14th Amendment."

## Discussion

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* "[A] District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found in the complaint." *Johnson v. City of Rock Island, Ill.*, 2012 WL 5425605, at *2 (C.D. Ill. 2012) (citing *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985)); *see also Lake v. Robert*, 2014

WL 3610405, at *1 (S.D. Ill. 2014); *Jackson v. Welborn*, 2013 WL 1287369, at *3 (S.D. Ill. 2013).

A Temporary Restraining Order ("TRO") may issue without notice, only if: (a) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED.R.CIV.P. 65(B). In this case, Plaintiff's request for a TRO has been *de facto* converted into a motion for preliminary injunction as the respondent is on notice of the request and has been given an opportunity to respond. *See Doe v. Village of Crestwood, Illinois*, 917 F.2d 1476, 1477 (7th Cir. 1990).

Here, the Court finds that Plaintiff has failed to demonstrate that injunctive relief is warranted in this case. There is no apparent relationship between the facts and allegations contained in his motion and those in the Complaint. The allegations in the instant motion address access to legal materials at Lawrence and Pontiac, while the allegations in the Complaint address deliberate indifference to medical needs while Plaintiff was at Lawrence. Plaintiff makes no allegations in his motion that his lack of access to the law library or legal materials has prevented him from pursuing his claims against Harper. To the contrary, his ability to file the request for injunctive relief, as well as his ability to maintain seven pending cases in this District suggests that his lack of access to materials is not impeding his access to the courts at this juncture.

Additionally, Plaintiff states that he was transferred from Lawrence to Pontiac Correctional Center ("Pontiac") on August 16, 2017. Therefore, an injunction directed at employees of Lawrence would be ineffective to accomplish Plaintiff's goals. Moreover, the instant motion asserts allegations against individuals who are not parties to this case. There is no

requested injunctive relief relating to the only Defendant in this case, Sgt. Harper.  For these reasons, Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 43) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 1, 2018**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE
United States District Judge**