IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE JORDAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16-CV-927-SMY-RJD ) |
| MICHAEL LAMB, et al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Reona J. Daly (Doc. 57), recommending that the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 38) filed by Defendant Jerry Harper be denied. No objections to the Report and Recommendation have been filed. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). For the following reasons, the Report and Recommendation of Magistrate Judge Daly is **ADOPTED** in its entirety.

Plaintiff Pierre Jordan filed a Complaint alleging that officials at Lawrence Correctional Center deprived him of his constitutional rights in a number of different areas. (Doc. 1). After initial screening of the Complaint, Plaintiff was allowed to proceed on Count 1 against Defendant Harper for deliberate indifference to Plaintiff's medical needs when he allegedly refused Plaintiff's request for aid in getting medical care on May 26, 2016 for injuries sustained when another inmate attacked. (Doc. 26).[1]

Where neither timely nor specific objections to the R&R are made, this Court need not

---

[1] The remaining counts were either dismissed for failure to state a claim (Counts 2, 3 and 5) or severed into separate cases (Counts 4, 6, 7 and 8). (Doc. 26).

conduct a *de novo* review of the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is undisputed that Plaintiff was required to follow and exhaust the standard procedures for filing and pursuing a grievance. It is also undisputed that he did not appeal the denial of his grievance to the Administrative Review Board. However, there is an unresolved question of whether he tried to exhaust his grievance and was prevented from doing so. Plaintiff met with the Clinical Services Supervisor during the pendency of this and other grievances. He testified that he was given back his grievances and told nothing more would be done with them. If true, this may excuse Plaintiff's failure to pursue the grievance procedure to its normal end.

Judge Daly thoroughly discussed and supported her conclusion that Defendant Harper had not met his burden for summary judgment, as there remains a genuine issue of material fact as to whether Plaintiff took his grievance as far as he was able. The Court agrees with Judge Daly's findings, analysis and conclusions and **ADOPTS** her Report and Recommendation in full. Accordingly, Defendant Jerry Harper's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 38) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 25, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**